Entered on Docket
December 12, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

The following constitutes
the order of the court. Signed December 12, 2007

_____
Roger L. Efremsky
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re                                    Case No. 07-51338-RLE

DICK BRUHN, INC.,

        Debtor.                        Chapter 11

_____/

**MEMORANDUM DECISION RE PRE-EMPLOYMENT FEES OF
UNSECURED CREDITORS' COMMITTEE COUNSEL, MURRAY & MURRAY**

**I.    INTRODUCTION**

        On December 5, 2007, the Court held a hearing on the 1st Interim Application for Compensation and Reimbursement of Expenses for Attorneys for the Unsecured Creditors' Committee, Murray & Murray ("M&M"). At the hearing, the Court indicated its intent to deny $18,337.50 in fees billed between May 4, 2007 and May 18, 2007, on the grounds that they were for services provided prior to the Court's approval of M&M's employment in this case and prior to M&M being chosen as counsel for the Unsecured Creditors' Committee. In response, M&M provided the Court with a citation to In re Service Merchandise Co., 256 B.R. 738 (M.D. Tenn. 1999), which M&M believed supported its entitlement to these fees. The Court advised M&M that it would review the case and issue an order.

1

## II. FACTUAL BACKGROUND

This bankruptcy case was filed on May 4, 2007. An official committee of unsecured creditors was appointed by the United States Trustee on May 17, 2007 (the "Committee"). Review of the billing records and narrative provided by M&M in connection with its First Interim Fee Application reveals that M&M was retained by unnamed creditors on or about May 4, 2007. Review of the billing records also reveals that M&M was chosen as counsel for the Committee on May 18, 2007, one day after the Committee was appointed.

M&M filed its Employment Application on June 1, 2007 (the "Employment Application"). The Order employing M&M as counsel for the Committee was entered on June 6, 2007 (the "Employment Order"). The Employment Application did not request, and the Employment Order did not make M&M's employment *nunc pro tunc* to a specified date, nor did either document state an effective date.

M&M's First Interim Fee Application was filed on or about November 15, 2007 (the "Fee Application"). The Fee Application contains $18,337.50 in fees for services rendered by M&M prior to the date that it was chosen to represent the Committee ("Pre-Employment Entries"). The narrative portion of the Fee Application states that the Pre-Employment Entries include "fees relative to [M&M's] efforts to assist in the formation and organization of an ad hoc creditors' committee which was active in the case prior to the appointment of the [Committee], and then relative to the formation and organization of the [Committee]. . . . An ad hoc committee was formed on May 9, 2007, and the [Committee] was appointed on May 17, 2007." The narrative provides very little detail as to the services provided, and whether those services benefitted the estate or simply served to solidify M&M's chances to be named counsel for the Committee.

## III. DISCUSSION

It is well known that in a bankruptcy proceeding, professionals cannot recover fees for services rendered to the estate unless those services have previously been authorized by court order. In re Atkins, 69 F.3d 970, 973 (9th Cir. 1995) (citations omitted). In exceptional circumstances, the Bankruptcy Court possesses the equitable powers to retroactively approve a professional's services. Id. at 973-74 (citations omitted). The necessity for strict compliance with the requirement for Court

2

authorization was articulated by the Bankruptcy Court in In re Garland Corp., which stated,

> There is one absolute basic condition precedent to any fee application. There must be Court authorization prior to the services being rendered for both the person and the services. That counsel cannot be paid for unauthorized services rendered is a hard and fast, albeit somewhat harsh to the ignorant volunteer, rule of bankruptcy law, made necessary if the Court is to maintain control of costs.

In re Garland Corp., 8 B.R. 826, 828-29 (Bankr. Mass. 1981). Here, M&M did not seek Court approval prior to commencing services. In addition, M&M did not request that the Court employ its equitable powers to approve M&M's employment *nunc pro tunc*. Thus, without more, the Court sees no basis to award M&M its pre-employment fees.

In re Service Merchandise Co. does not lead to an alternate conclusion. In In re Service Merchandise Co., debtor filed a voluntary petition. Prior to the filing, counsel represented a group of creditors. Following the filing, counsel was chosen to represent the unsecured creditor's committee. Approximately two weeks after the bankruptcy filing, committee counsel sought approval of its employment. No party objected and the Court entered an order employing counsel *nunc pro tunc* to the date of the bankruptcy filing.

Subsequently, counsel filed a fee application. The United States Trustee objected to the compensation sought for the period from the date of the bankruptcy filing to the date of the order approving counsel's appointment. The Court overruled the United States Trustee's objection, finding that the *nunc pro tunc* employment order provided a sufficient basis to award fees from the filing date under § 330. In re Service Merchandise Co., 256 B.R. at 741. The Court also found that even if it could not award fees and expenses under § 330, counsel demonstrated that it was entitled to those fees under a § 503(b) substantial contribution analysis. Id. The Court eventually granted fees under §§ 503(b)(3) and (b) (4). Id. at 743.

The relevant facts of In re Service Merchandise Co. differ from the facts of this case. These differences are crucial to the outcome. First, in In re Service Merchandise Co., the employment order was *nunc pro tunc* to the filing date. Here, however, the Employment Application did not request that M&M's employment be approved *nunc pro tunc*. In fact, there is no effective date on the Employment Application or the Employment Order. Thus, there is nothing on the docket that supports M&M's entitlement to pre-employment fees.

3

Second, in In re Service Merchandise Co., counsel sought fees only from the effective date of its employment pursuant to the employment order. Here, however, M&M seeks fees for a period well before the date of the Employment Order. A strict interpretation of In re Service Merchandise Co. would result not only in a disallowance of $18,337.50 in fees for the time period from May 4 (date of initial services) through May 18 (date M&M was chosen as counsel for the Committee), but in an additional disallowance of $16,917 in fees billed between May 18 and June 6 (the date that the Employment Order was actually entered). In lieu of such strict interpretation, however, the Court has used its discretion to disallow only the $18,337.50 in fees billed prior to the date that M&M was chosen to act as committee counsel.

This case is substantially different from In re Service Merchandise Co. in one other important respect. There, the Court found that counsel had demonstrated that its pre-employment services provided a substantial benefit to the estate, thus the fees were awardable under § 503(b). Here, there has been no showing of substantial contribution.

Section 503 "represents an accommodation between the twin objectives of encouraging 'meaningful creditor participation in the reorganization process [and] keeping fees and administrative expenses at a minimum so as to preserve as much of the estate as possible for the creditors.'" Lebron v. Mechem Financial, Inc., 27 F.3d 937, 944 (3rd Cir. 1994) (internal citations omitted). The principal test of a substantial contribution claim under § 503 is the "extent of benefit to the estate." In re Cellular 101, Inc., 377 F.3d 1092, 1096 (9th Cir. 2004) (citations omitted). The inquiry is fact-specific and the relevant question is whether the services resulted in a direct, material and demonstrable benefit to the estate. In re Celotex Corp., 227 F.3d 1336, 1339 (11th Cir. 2000); In re Pow Wow River Campground, 296 B.R. 81, 86 (Bankr. D. N.H. 2003); In re D.W.G.K. Restaurants, Inc., 84 B.R. 684, 690 (Bankr. S.D. Cal. 1988). "Inherent in the term 'substantial' is the concept that the benefit received by the estate must be more than an incidental one arising from activities the applicant has pursued in protecting his or her own interests. Creditors are presumed to be acting in their own interests until they satisfy the court that their efforts have transcended self-protection." Lebron v. Mechem Financial, Inc., 27 F.3d at 944 (citing In re Solar Mfg. Corp., 206 F.2d 780, 781 (3rd Cir. 1953)). An applicant under § 503(b) has the burden of establishing its

4

entitlement to an award by a preponderance of the evidence. In re Crazy Eddie, Inc., 120 B.R. 273, 278 (Bankr. S.D. N.Y. 1990).

The only evidence currently in front of the Court is M&M's Fee Application; specifically, the one paragraph narrative that corresponds to many of the Pre-Employment Entries. This paragraph states that the ad hoc committee was "active" prior to the formation of the Committee. However, it fails to state how the ad hoc committee was active, and how its activities provided an actual, demonstrable benefit to the estate. Further, the paragraph states that M&M was active relative to the formation and organization of the Committee. However, pursuant to § 1102, Committee formation is solely the responsibility of the United States Trustee. Thus it is unclear what benefit, if any, these services provided to the estate. The narrative is devoid of any other substantive information. As a result, the Court finds that the Fee Application contains insufficient information to support a § 503(b) claim. The Court does not take a position as to whether M&M can support a claim; but only finds that M&M has not done so at this juncture. Any future attempts to seek a § 503(b) claim would require M&M to address how its services benefitted this estate, as opposed to solidifying M&M's chances of being chosen as Committee counsel.

For the reasons stated at the hearing on this matter and in this Memorandum, the Court disallows $18,337.50 in Pre-Employment Entries on the ground that they were for services provided prior to M&M being chosen as counsel for the Unsecured Creditor Committee. A breakdown of the disallowed fees is attached hereto as Exhibit A. Disallowance of the fees is without prejudice to M&M filing a motion seeking the fees under § 503(b)(3). A separate order to that effect is being issued concurrent with this Memorandum Decision.

## **Exhibit A**

The "Exhibits" below refer to the Exhibits attached to the Murray & Murray fee application. The $18,337.50 in disallowed Pre-Employment Entries are made up of the following:

**Exhibit B:** Fifteen entries totaling $12,384, dated between 5/4 and the entry on 5/18 where Murray & Murray spoke with Attorney Hart regarding counsel selection.

**Exhibit C:** Two entries totaling $792, dated 5/11 and 5/16.

**Exhibit D:** Four entries totaling $495, dated 5/9, 5/10, 5/11 and 5/15.

**Exhibit E:** Two entries totaling $855, dated 5/5 and 5/8.

**Exhibit F:** Four entries totaling $2,475, dated 5/9 and 5/10.

**Exhibit H:** One entry totaling $99, dated 5/16.

**Exhibit I:** Five entries totaling $643.50, dated 5/7, 5/10, 5/11 and 5/14.

**Exhibit L:** Two entries totaling $198, dated 5/10 and 5/14.

**Exhibit V:** One entry totaling $396, dated 5/9.

\* \* \* \* \* \* \* \*   END  OF MEMORANDUM DECISION   \* \* \* \* \* \* \*

UNITED STATES BANKRUPTCY COURT

For The Northern District Of California

1  Court Service List

2  William C. Lewis
   Law Offices of William C. Lewis
3  510 Waverly St.
   Palo Alto, CA 94301

4
   Christine H. Long
5  Law Offices of Berliner and Cohen
   10 Almaden Blvd. 11th Fl.
6  San Jose, CA 95113-2233

7  John Walshe Murray
   Murray & Murray
8  A Professional Corporation
   19400 Stevens Creek Blvd., Suite 200
9  Cupertino, CA 95014-2548

10 John S. Wesolowski, Esq.
   Office of the U. S. Trustee
11 280 So. First Street, Rm. 268
   San Jose, CA 95113-3099

12
   Susan L. Uecker
13 Uecker and Associates Inc.
   100 Pine St. #475
14 San Francisco, CA 94111

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Memorandum Decision re Pre-Employment Fees of UCC Murray & Murray                    7